IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

BRETT ANDREW SISSON                                                    PLAINTIFF


v.                                    CIVIL NO. 3:25-cv-03068


FRANK BISIGNANO, Commissioner                                          DEFENDANT
Social Security Administration

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

Plaintiff, Brett Andrew Sisson, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for supplemental security income ("SSI") under Title XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 1382.  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See U.S.C. § 405(g).

Plaintiff protectively filed his application for SSI on February 5, 2020. (Tr. 169). In his application, Plaintiff alleged disability beginning on January 1, 2020, due to seizures, anxiety, major depression, PTSD, and paranoid schizophrenia. (Tr. 132, 169, 470). Plaintiff later amended his alleged onset date to October 21, 2020. (Tr. 17, 169). An administrative hearing was conducted on February 10, 2022, which resulted in an unfavorable decision on October 25, 2022. (Tr. 43-64, 48, 169-182). The Appeals Council issued an Order vacating the decision and remanding the case for the ALJ to obtain additional evidence, proffer post-hearing evidence, further consider Plaintiff's iliofemoral ligament impairment, and consider opinion evidence in accordance with 20.C.F.R. 416.920c. (Tr. 190-191). A second administrative hearing was held via telephone on

1

May 21, 2024, at which Plaintiff appeared with counsel and testified. (Tr. 65–85). A vocational expert ("VE") also testified. *Id*.

On August 19, 2024, the ALJ issued an unfavorable decision. (Tr. 14–34). The ALJ found that Plaintiff had not engaged in substantial gainful activity since February 5, 2020, the application date. (Tr. 19). The ALJ found that Plaintiff suffered from the severe impairments of left hip pain, obesity, epilepsy, neurocognitive disorder, asthma, and depression. (Tr. 19). The ALJ found that Plaintiff's obesity, headaches, and left shoulder pain were not severe impairments. (Tr. 19–20). The ALJ found Plaintiff's impairments did not meet or medically equal the severity of any of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1, specifically considering listing 1.15, and listing 1.18. (Tr. 20–21). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.967(b) except that the claimant can never climb ladders, ropes and scaffolds. He can occasionally climb ramps and stairs, balance, stoop, kneel, crouch and crawl. He can have no concentrated exposure to hazards such as dangerous machinery and unprotected heights and no concentrated exposure to pulmonary irritants such as fumes, odors, dusts, gases and poor ventilation. The claimant can understand, remember and carry out simple instructions and can occasionally interact with co-workers, supervisors and the public.
> (Tr. 21–32).

With the assistance of the VE, the ALJ found Plaintiff had no past relevant work but could perform the representative occupations of small products assembler, collator operator, and sorter. (Tr. 32–33). The ALJ found Plaintiff was not disabled from February 5, 2020, through August 19, 2024, the date of the decision. (Tr. 33–34).

Subsequently, Plaintiff filed this action. (ECF No. 2). The parties have filed appeal briefs, and this case is now before the undersigned for report and recommendation pursuant to 28 USC § 636(b). (ECF Nos. 11, 14, 15). The Court has reviewed the entire transcript. The complete set of

facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

## II. Applicable Law:

This court's role is to determine whether substantial evidence supports the Commissioner's findings. *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Blackburn v. Colvin,* 761 F.3d 853, 858 (8th Cir. 2014). So long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

A claimant for Social Security disability benefits has the burden of proving their disability by establishing a physical or mental disability that has lasted at least one year and that prevents them from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § 404.1520(a)(4). The fact finder only considers Plaintiff's age, education, and work experience in light of his or her residual functional capacity if the final stage of the analysis is reached. *See* 20 C.F.R. § 404.1520(a)(4)(v).

**III. Discussion**

Plaintiff raises two points on appeal, both related to the ALJ's treatment of opinion evidence: 1) whether the ALJ erred in the RFC determination by failing to reconcile its conflict with opinion evidence he found to be persuasive; and 2) whether the ALJ failed to properly evaluate the opinion of APRN Deanna Rice. (ECF No. 11). Plaintiff argues that the ALJ found the opinions of non-examining state agency physicians Graham Reid, M.D, and Abesie Kelly, Ph.D., to be persuasive, but failed to explain the omission of their opined limitation to work where interpersonal contact is incidental to the work performed. (ECF No. 11, p. 4, Tr. 21, 145–51, 161–64). Dr. Reid opined that Plaintiff could do work where interpersonal contact is incidental to the work performed, e.g., assembly work and Dr. Kelly opined Plaintiff could perform work where interpersonal contact is incidental to work performed, e.g. assembly work and the complexity of tasks was learned and performed by rote with few variables and little judgment and where supervision required was simple, direct, and concrete. (Tr. 151, 164).  Plaintiff highlights that the ALJ found Plaintiff could perform unskilled work with limited interpersonal contact, but did not

4

include limitations for interpersonal contact being only incidental to work performed, nor did he include limitations to simple, direct, and concrete supervision. (ECF No. 11, pp. 4–5).

Plaintiff further argues that the ALJ erred by failing to fully assess the supportability and consistency factors under 20 C.F.R. § 416.920c when assessing the opinions of George DeRoeck, Psy.D., and APRN Rice. (ECF No. 11, pp. 5–9). Plaintiff argues the ALJ erred in his evaluation of the opinion of mental consultative examiner Dr. DeRoeck by failing to evaluate the consistency of Dr. DeRoeck's opinion and specifically by failing to acknowledge the consistency of this opinion with the opinions of Dr. Reid and Dr. Kelly. (ECF No. 11, p. 5).

Further, Plaintiff argues the ALJ erred in finding APRN Rice's opinion not persuasive. (Tr. 29). Plaintiff argues that although the ALJ ostensibly considered the supportability factor, the substance of the analysis focused only on findings from other medical sources. (ECF No. 11, p. 8). Plaintiff argues that this aligns with the consistency factor analysis, not the supportability analysis as set forth in 20 C.F.R. § 416.920c(c) and the ALJ's supportability analysis consisted of only one conclusory sentence. (ECF No. 11, p. 9). Plaintiff argues this statement was insufficient to meet the articulation requirements. *Id*. Plaintiff argues this error was far from harmless, as this opinion contained limitations that would have changed the outcome of the case. *Id*.

Defendant argues that an ALJ is not required to adopt the exact limitations set forth in the opinions he or she found persuasive, and that the ALJ is responsible for assessing a Plaintiff's RFC. (ECF No. 14, pp. 1–2). Defendant argues that the ALJ's RFC findings were supported by substantial evidence, and recounts medical records that are supportive of the ALLJ's RFC findings. *Id*. Defendant argues that the ALJ did not need to include any additional limitations in the hypothetical questions to the VE, as the questions asked accurately characterized Plaintiff's RFC. (ECF No. 14, p. 3). Defendant does not directly address the ALJ's omission of any

5

acknowledgment or discussion of the discrepancies between the opinions he found persuasive and his ultimate RFC findings.

Defendant argues that Dr. DeRoeck's opinion was not consistent with the findings of Dr. Reid and Dr. Kelly and suggested fewer limitations in the areas of persistence and completing work-like tasks in an acceptable timeframe. (ECF No. 15, p. 4). Defendant argues that the ALJ properly assessed Dr. DeRoeck's opinion in finding that it was persuasive and showed that Plaintiff had the RFC to perform unskilled work with limited interpersonal interaction. *Id*.  However, Defendant does not directly address Plaintiff's argument that the ALJ failed to properly articulate the analysis of the supportability and consistency of Dr. DeRoeck's opinion. *Id*. Finally, Defendant argues that the ALJ properly considered the opinion of APRN Rice and properly addressed the supportability factor despite his brevity. (ECF No. 14, pp. 4–5).

Plaintiff submitted a reply brief, wherein he acknowledges that the ALJ was not required to adopt the opinion of either Dr. Reid or Dr. Kelly and argues that the ALJ's error lies in failing to explain why he rejected or indeed if he rejected the omitted limitations from the opinions which he found persuasive. (ECF No. 15, p. 2). Plaintiff argues that Defendant's after-the-fact explanations and citations to the record justifying the ALJ's omission of these limitations cannot excuse the ALJ's errors. *Id*. Finally, Plaintiff argues that Defendant appears to concede the ALJ did not consider the consistency factor when evaluating APRN Rice's opinion, and that the issue is not the brevity of the opinion evaluation but rather the failure to consider consistency and boilerplate supportability analysis in clear violation of 20 C.F.R. § 416.920c(b)(2).

Plaintiff's medical records, the opinions of those reviewing the records, and the ALJ's own opinion including his step two analysis and RFC analysis show that Plaintiff experiences difficulty in the areas of interacting with others. At step two the ALJ found Plaintiff had moderate limitations

in interacting with others, noting problems getting along with family, friends, and neighbors, and having been fired from a job due to problems getting along with other people. (Tr. 20). The ALJ acknowledged that Plaintiff had received mental health treatment from various providers starting in November of 2018, and treatment which included periods of exacerbation even when compliant with medication. (Tr. 23–24). Each of the medical opinions found persuasive by the ALJ opined that Plaintiff had limitations in the area of interacting with others. (Tr. 28–30, 151, 164, 834).

The ALJ reviewed several medical opinions concerning Plaintiff's ability to interact with others in this record, and found the opinions of Dr. DeRoeck, Dr. Reid, and Dr. Kelly to be persuasive. (Tr. 28–30). The ALJ specifically found that Plaintiff was limited to carrying out unskilled work with limited interpersonal contact and ultimately adopted a restriction to occasional interactions with co-workers, supervisors, and the public. (Tr. 21, 31). The ALJ does not acknowledge or explain that there is a difference between his adopted limitation to only occasional interactions with co-workers, supervisors, and the public, and the limitations opined by Dr. Reid and Dr. Kelly — a limitation to work where interpersonal contact is incidental to the work performed. Absent any explanation for this difference, the Court will not fill in the gaps for the ALJ. *See Lucas v. Saul*, 960 F.3d 1066, 1069–70 (8th Cir. 2020) (Finding it is not harmless error or a mere error of decision drafting when an ALJ fails to articulate sufficiently specific reasoning for rejecting a physician's opinion).

Defendant's argument that Dr. DeRoeck's opinion is not consistent with the opinions of Dr. Kelly and Dr. Reid is quite brief and omits key findings. (ECF No. 14, p. 4). Specifically, Dr. DeRoeck's found that Plaintiff's capacity to communicate in a socially adequate matter was limited by his mental impairments, and that Plaintiff tended toward social isolation and a difficult personality. (Tr. 834). It is not clear from a plain reading of this evaluation that Dr. DeRoeck

opined that Plaintiff would be less limited with regard to interpersonal interactions than Dr. Kelly or Dr. Reid opined. More importantly, any inconsistency with the other opinions was not discussed by the ALJ. This Court's review of the Commissioner's decision is limited to the rationale provided by the ALJ. *See Bonnett v. Kijakazi*, 859 F. App'x. 19 (8th Cir. 2021) (unpublished) (per curium) (citing *Lucus v. Saul*, 960 F.3d 1066, 1069-70 (8th Cir. 2020) (remanding where ALJ discredited physician's opinion without discussing factors contemplated in Regulation, as failure to comply with opinion-evaluation Regulation was legal error)); *Pipkins v. Kijakazi*, No. 1:20 CV 161 CDP, 2022 WL 218898 (E.D. Mo. Jan. 25, 2022) (finding that the ALJ's failure to "explain" and "articulate" the supportability and consistency of medical opinion evidence was reversible error even when the ALJ elsewhere adequately summarized the evidence of record, and it supported the RFC determination); *Guess v. Kijakazi*, No. 4:20-cv-00887-JTR, 2021 WL 5983193 at *9 (E.D. Ark. Dec. 17, 2021) ("an ALJ must address both supportability and consistency with respect to a medical opinion, and he must offer good reasons for his determination. Merely sprinkling his discussion with those two words does not suffice.").

The ALJ did not acknowledge or provide reasoning as to why he adopted limitations that differed from the opinions which he found persuasive and did not fully and clearly consider the consistency and supportability of each medical opinion as required by 42 U.S.C. § 416.920c. The Court recommends remand for the ALJ to more clearly evaluate the evidence of record.

### IV.    Conclusion

Based on the foregoing, it is recommended that the Commissioner's final decision be reversed, and the case remanded back to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED this 25th day of June 2026.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE

9